CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
12/6/2024
LAURA A. AUSTIN, CLERK
BY: z/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MARGARET M. O'REILLY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:24-cv-00037 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MEDICAL FACILITIES OF AMERICA ) | By:   Hon. Thomas T. Cullen |
| and RIVERSIDE HEALTH AND ) | United States District Judge |
| REHABILITATION CENTER, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Margaret M. O'Reilly ("O'Reilly") brought this action against Medical Facilities of America ("MFA") and Riverside Health and Rehabilitation Center ("Riverside") (collectively "Defendants") alleging wrongful termination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"). (Compl. at 3–4 [ECF No. 1]); *see* 42 U.S.C. § 12112. She also alleged that Defendants made false claims to the Virginia Unemployment Commission during her unemployment application process. (Compl. at 4.) This case is before the court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 25.) For the reasons discussed below, the court will grant Defendants' motion and give O'Reilly the opportunity to amend her complaint.

I. **STATEMENT OF FACTS**

The following facts are taken from O'Reilly's Complaint and, at this stage, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences are drawn in favor of the plaintiff, *see Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d

250, 253 (4th Cir. 2009), and because O'Reilly filed the Complaint *pro se*, the allegations are construed "liberally" in her favor, *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023).

The facts alleged in the Complaint are sparse. Defendants hired O'Reilly in November of 2006.[1] (Compl., Ex. 3 at 1 [ECF No. 1-3].) She was initially employed as a Certified Nursing Assistant and was promoted to Medical Records Coordinator at some point prior to December 2020. (*Id.*). On December 21, 2020, Defendants imposed a COVID-19 vaccination requirement, but permitted employees to request a religious or disability exemption. (*Id.*) O'Reilly sought a disability exemption, providing documentation from her doctor to Defendants on January 6, 2021. (*Id.*) Defendants denied her request on January 22. (*Id.*) The letter denying her request explained that granting the exemption would be a threat to health and safety. (*Id.* at 1–2.) The letter also explained that the vaccine requirement is a condition of employment. (*Id.*) On January 27, she was placed on unpaid medical leave and Defendants posted an opening for her position on Indeed.com, an online job search engine. (*Id.* at 1.) O'Reilly alleges that these actions amounted to a constructive discharge. (*Id.*) She also alleges that Defendants' justification of the denial as being necessitated by health and safety is pretextual because she "had been working for months during the pandemic without being vaccinated, [she] work[ed] alone in an office, and [she] receive[d] Covid 19 tests twice weekly without testing positive." (*Id.* at 2.)

---

[1] The Complaint variously alleges either that O'Reilly was employed by MFA or that she was employed by both Defendants. (*Compare* Compl. at 2, *with* Compl., Ex. 3 at 1 [ECF No. 1-3].) Defendants assert that "MFA did not employ Plaintiff." (Defs.' Mem. Supp. Mot. Dismiss at 2 n.2 [ECF No. 26].) Because the court must take the allegations in the Complaint as true, draw all reasonable inferences in O'Reilly's favor, and liberally construe the Complaint, the court will assume, for purposes of this Opinion, that O'Reilly was employed by both Defendants.

The Complaint alleges that discriminatory acts occurred on January 27 (the date she was placed on unpaid medical leave and her job was posted on Indeed.com), February 21, and March 10, 2021.[2] (Compl. at 4.) It also alleges that Defendants' discriminatory acts are still on-going. (*Id.*)

On February 16, 2021, O'Reilly filed a charge of discrimination with the Virginia Office of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). (*See* Compl., Ex. 3.) The EEOC issued a right to sue letter on January 10, 2024. (*See* Compl., Ex. 2 at 1 [ECF No. 1-2].) O'Reilly filed suit in the Middle District of Florida on April 2, 2024, bringing claims for wrongful termination and failure to accommodate under the ADA.[3] (*See* Compl. at 1, 3–4.) Her Complaint also lists a claim for "False claim to Virginia Unemployment Commission," but contains no further details or factual allegations regarding the claim. (*Id.* at 4.)

Defendants answered the Complaint in this court on October 18, 2024, and filed a contemporaneous motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF Nos. 23–25.) The court issued a *Roseboro* Notice[4] to O'Reilly on October 21, informing her that she had 21 days to submit a response. (*See* ECF No. 29.)

---

[2] Her Complaint does not indicate what allegedly discriminatory actions occurred on February 21 or March 10.

[3] The case was transferred to this court on October 7, 2024. (Order, Oct. 7, 2024 [ECF No. 21].)

[4] In *Roseboro v. Garrison*, the Fourth Circuit held that *pro se* parties should be advised of their "right to file counter-affidavits or other responsive material . . . when confronted with the possibility of summary disposition of his case." 528 F.2d 309, 310 (4th Cir. 1075) (per curiam). Accordingly, the court routinely advises *pro se* parties of the risk of summary disposition of their cases when a defendant files a motion to dismiss or a motion for summary judgment.

O'Reilly filed a response (ECF No. 32), and Defendants each filed a reply (ECF Nos. 35–36). The matter is now ripe for decision.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Though a *pro se* complaint must be construed liberally, the "requirement of liberal construction does not mean . . . that the court should ignore a clear failure to plead facts that set forth a cognizable claim." *Walton v. WVRJ Managerial Admin. Staff*, No. 7:23-cv-00436, 2024 WL 3988927, at *3 (W.D. Va. Aug. 29, 2024) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III. ANALYSIS

#### A. Dismissal of O'Reilly's Claims

##### 1. ADA Claims

O'Reilly's primary claims are for wrongful termination and failure to accommodate under the ADA. (Compl. at 4.) To state a claim for wrongful termination under the ADA, "a plaintiff must show that (1) she was a qualified individual with a disability; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n.9 (4th Cir. 2004) (internal quotation omitted). To state a claim for failure to accommodate under the ADA, "a plaintiff must show (i) she was disabled, (ii) the employer had notice of her disability, (iii) she could perform the essential functions of her position with a reasonable accommodation, and (iv) the employer refused to make such accommodation." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 378 (4th Cir. 2022). Notably, both claims require O'Reilly to show that she had a disability within the meaning of the ADA. *See A Helping Hand, LLC v. Baltimore County*, 515 F.3d 356, 365 (4th Cir. 2008) ("To be eligible for any protection under the ADA, an individual must be disabled within the meaning of the Act."). O'Reilly has not met that burden, so her claim must be dismissed.[5]

---

[5] Although O'Reilly does not purport to bring a claim for retaliation, the court is obligated to review *pro se* complaints liberally to accept any claim what is "plausible allegedly," regardless of whether the plaintiff specifically identified it. *See, e.g.*, *Shafer v. Sheriff Dep't*, No. 5:21-cv-00014, 2022 WL 866424, at *4 (W.D. Va. Mar. 23, 2022) (identifying plausible claims based on a plaintiff's factual allegations). In that vein, the court notes that O'Reilly's factual allegations come close to stating a claim for retaliation under the ADA. A retaliation claim requires O'Reilly to show "(1) that [s]he engaged in protected activity; (2) that [her] employer took an adverse action against [her]; and (3) that a causal connection existed between the adverse activity and the protected action." *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001). A retaliation claim does not

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities" of the person alleging a disability. 42 U.S.C. § 12102(1)(A). But because O'Reilly has not alleged what her alleged disability is, the court cannot determine whether she is disabled within the meaning of the ADA. *See Fedynich v. Boulder Hous. Partners*, No. 3:20-cv-165, 2020 WL 5371352, at *10 (E.D. Va. Sept. 8, 2020) ("To state a claim under this definition, a plaintiff must identify her disability; otherwise, the Court can only speculate that the plaintiff is actually disabled."). Without a specific allegation naming her disability (or at least some factual allegation that she is limited in a major life activity, by which the court could determine if she meets the legal definition of "disabled" necessary to state her claim), O'Reilly's Complaint does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In her response, O'Reilly contends that she has "severe allergies/asthma," that Defendants and Defendants' counsel were aware of what her disability was, and that she provided this information to the EEOC. (Pl.'s Resp. at 1 [ECF No. 32].) While that may be true, it does not help O'Reilly's case. The purpose of the Federal Rules of Civil Procedure's requirement that a plaintiff's complaint contain "a short and plain statement showing that the pleader is entitled to relief" is to allow the court to independently ascertain whether the plaintiff can state a claim for relief. *See* Fed. R. Civ. P. 8(a)(2). That an opposing party already

---

require the plaintiff to be disabled within the meaning of the ADA as long as she engaged in protected activity, and a request for accommodations is protected activity for purposes of a retaliation claim. But because the Complaint contains no allegation relating to the causation prong and does not purport to bring a claim for retaliation, the court finds that O'Reilly has failed to state a claim for retaliation.

knows the unspoken allegations simply will not suffice in the face of a challenge to the sufficiency of a party's pleading.

And even if the court considered the statement in O'Reilly's response—that her disability is severe allergies and asthma[6]—the allegations would still be insufficient to state a claim. To sufficiently allege that she is disabled *within the meaning of the ADA*, O'Reilly's allegations must not only state what her disability is, but also explain how that disability and the interaction between the disability and mandated vaccine "substantially limit[] one or more major life activities." § 12102(1)(A). That is not a matter of stating, in the abstract, that allergies and asthma satisfy the ADA's definition of a disability. Rather, it requires allegations specific to the plaintiff. O'Reilly's response does not provide sufficient detail that, if taken as true, would show that O'Reilly's allergies and asthma "substantially limit[] one or more major life activities." *Id.*

Because O'Reilly's failure to allege that she is disabled within the meaning of the ADA requires dismissal of her claims, the court will not address whether she meets the remaining elements of her claims. But, if she chooses to amend her complaint, she will have to allege sufficient facts to satisfy all elements.

### 2. Additional Claims

In addition to these two primary claims, the Complaint contains a few allegations that the court will address briefly in light of its duty to liberally construe O'Reilly's *pro se* complaint. The Complaint lists February 21 and March 10, 2021, in addition to the termination date of

---

[6] As Defendants point out, courts typically do not consider new allegations that were not pled in the original Complaint. (Defs.' Reply at 2 [ECF No. 35]); *see Perkins v. Gaston Cnty. Bd. of Educ.*, No. 3:23-cv-00643, 2024 WL 4274884, at *3 (W.D.N.C. Sept. 24, 2024).

January 27, as dates on which discriminatory acts occurred. (Compl. at 4.) It also states that Defendants' discriminatory acts are on-going. (*Id.*) The Complaint contains no allegations to shed light on the significance of the February 21 and March 10 dates, nor does it provide any indication of what discriminatory conduct Defendants continue to engage in. "District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To the extent that O'Reilly intended to make out any additional claims based on conduct occurring on other dates, the sparse allegations in the Complaint utterly fail to state such additional claims. If she chooses to amend her Complaint, and if she intends to bring claims relating to conduct on other dates, she will have to provide the court with more detailed factual information.[7]

Finally, the Complaint states that O'Reilly brings a claim for "[f]alse claim to Virginia Unemployment Commission." (Compl. at 4.) She provides no elaboration on that claim. The Complaint does not explain what was said or in what context. Again, "[d]istrict judges are not mind readers," *Beaudett*, 775 F.2d at 1278, and if O'Reilly desires to bring additional claims, she must allege the facts supporting such claims.

Because O'Reilly's Complaint fails to state any plausible claim, the court will dismiss the Complaint in its entirety.

---

[7] O'Reilly's Response takes a passing shot at explaining these additional dates, but the explanation is not sufficient for the court to deduce what claims she seeks to bring. Therefore, if she seeks to bring these claims, O'Reilly should provide sufficient allegations in her amended complaint to allow the court to understand and rule on them. As with respect to the ADA claims, those allegations must be made in a complaint to the court so that the court can independently consider the factual basis for O'Reilly's claims.

## B. Leave to Amend

Though O'Reilly has not formally sought leave to amend her Complaint to add the allegations that Defendants argue are missing, the court will construe the statements in her Response—indicating that she has additional relevant information that she can supplement—as a request for leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Additionally, courts have the authority to grant leave to amend *sua sponte*, at least where the plaintiff is proceeding *pro se*. *See, e.g., Colquitt v. Bon Secour Mercy Health*, No. 4:21-cv-53, 2022 WL 479093, at *1 (E.D. Va. Feb. 16, 2022); *Gatewood v. Sony Corp. of Am.*, No. 3:19-cv-87, 2020 WL 1876062, at *1 (W.D.N.C. Apr. 15, 2020). Accordingly, the court will grant O'Reilly leave to amend her Complaint within 30 days.

That means that no later than 30 days after the date of this Opinion, O'Reilly must file a new complaint with the court. That new complaint must lay out facts supporting all elements of her claims, as explained in the discussion of her claims above. If O'Reilly does not file an amended complaint by that deadline, the court will enter a final judgment of dismissal and O'Reilly will not have another opportunity to litigate these claims. Accordingly, if O'Reilly is still interested in pursuing these claims, she must file a timely amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted, and the court will grant O'Reilly leave to file an amended complaint.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all parties and counsel of record.

**ENTERED** this 6th day of December, 2024.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE